IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LABEL$DOLLARS, CORP., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | C.A. No. 06-594 (JJF) |
| | ) | |
| v. | ) | |
| | ) | |
| PREMARK FEG, LLC, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |
| | ) | |

**OPENING BRIEF IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS COUNTS III, IV, AND V OF THE COMPLAINT**

OF COUNSEL:
Richard J. O'Brien
Richard T. McCaulley
Christopher B. Seaman
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Jeffrey L. Moyer (#3309)
Anne Shea Gaza (#4093)
RICHARDS, LAYTON & FINGER, P.A.
moyer@rlf.com
gaza@rlf.com
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

*Attorneys for Defendant/Counterclaim
Plaintiff Premark FEG, L.L.C.*

Dated: November 16, 2006

RLF1-3083267-1

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

NATURE AND STAGE OF THE PROCEEDINGS ................................................................... 1

SUMMARY OF ARGUMENT ..................................................................................................... 2

STATEMENT OF FACTS ............................................................................................................. 3

ARGUMENT ................................................................................................................................... 5

       I.      STANDARD ................................................................................................................. 5

      II.    IF THE CLAIMS OF THE '038 PATENT ARE NOT SUPPORTED BY THE
            SPECIFICATION, THE PROPER REMEDY IS INVALIDITY OF THE
            PATENT, NOT NAMING MORTIMER AS THE INVENTOR .......................... 5

CONCLUSION ............................................................................................................................... 9

RLF1-3083267-1

# TABLE OF AUTHORITIES

## CASES

*Conley v. Gibson,*
355 U.S. 41 (1957)......................................................................................................5

*Gentry Gallery v. Berkline Corp.,*
134 F.3d 1473 (Fed. Cir. 1998).....................................................................................7

*Graves v. Lowery,*
117 F.3d 723 (3d Cir. 1991)..........................................................................................5

*Johnson Worldwide Assoc. v. Zebco Corp.,*
175 F.3d 985 (Fed. Cir. 1999).......................................................................................7

*Kost v. Kozakiewicz,*
1 F.3d 176 (3d Cir. 1993)..............................................................................................5

*Reiffin v. Microsoft Corp.,*
214 F.3d 1342 (Fed. Cir. 2000).....................................................................................6

*Schering Corp. v. Amgen Inc.,*
222 F.3d 1347 (Fed. Cir. 2000).....................................................................................7

*Thomas v. Farley,*
31 F.3d 557 (7th Cir. 1994) .......................................................................................5, 7

*TurboCare Div. of Demag Delaval Turbomachinery Corp. v. Gen. Elec. Corp.,*
264 F.3d 1111 (Fed. Cir. 2001)..................................................................................6, 7

*Univ. of Rochester v. G.D. Searle & Co.,*
358 F.3d 916 (Fed. Cir. 2004).......................................................................................7

## STATUTES

35 U.S.C. § 112.....................................................................................................2, 6, 7

35 U.S.C. § 256..........................................................................................................4, 5

## OTHER AUTHORITIES

U.S. Patent No. 7,026,556 ..........................................................................................3, 4

U.S. Patent No. 7,099,038 ....................................................................................*passim*

ii

## NATURE AND STAGE OF THE PROCEEDINGS

The complaint in this action (the "Complaint") was filed by Plaintiff Label$Dollars, Corp. ("Label$Dollars") on September 25, 2006. Contemporaneously with this brief, Defendant Premark FEG, LLC ("Premark") has filed (1) its Motion to Dismiss Counts III, IV, and V of the Complaint, (2) its Partial Answer addressing Counts I and II of the Complaint, and (3) its Counterclaim against Label$Dollars.

This is Premark's Opening Brief in Support of Defendant's Motion to Dismiss Counts III, IV, and V of the Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).

1

## SUMMARY OF ARGUMENT

Label$Dollars' Complaint alleges that the claims contained in the continuation application filed by Robert J. Schuller ("Schuller") that matured into U.S. Patent No. 7,099,038 ("the '038 Patent") are unsupported by the application's specification. (Compl. ¶ 11.) When a patent's claims are unsupported by the specification, they must be held invalid for failure to meet the written description requirement of 35 U.S.C. § 112. Thus, under Label$Dollars' theory of the case, the '038 Patent must be invalid.

In Counts III, IV, and V, Label$Dollars seeks to have one of its principals, Lawrence Mortimer ("Mortimer"), designated as the sole inventor or, at least, a joint inventor, of the '038 Patent. These claims are based on an allegation that Schuller's employer, Hobart, somehow misappropriated information from Label$Dollars. This relief, however, is unavailable because according to Label$Dollars' allegations, the '038 Patent is invalid.

In sum, Label$Dollars cannot have it both ways. Assuming, *arguendo*, that Label$Dollars' allegations are correct, as we must on a motion to dismiss, then the '038 Patent is invalid, and Moritmer invented nothing. Label$Dollars' claims in Counts III, IV, and V are clearly inconsistent with its allegations of invalidity and non-infringement. Accordingly, this Court should dismiss Counts III through V of the Complaint.

RLF1-3083267-1

## STATEMENT OF FACTS

The following facts are taken from Label$Dollars' Complaint and the exhibits attached thereto, and other materials on which this Court may properly rely. For purposes of the present motion only, Premark assumes the facts alleged in the Complaint are true.

On September 15, 2000, Robert J. Schuller ("Schuller"), the general manager of Hobart, filed a patent application with the United States Patent and Trademark Office ("USPTO"). (Compl. ¶ 7.) Schuller filed continuation applications claiming priority back to the original September 15, 2000 filing. (Compl. ¶¶ 10 and 11.) According to Label$Dollars, the continuation applications "add[ed] claims having no support in the specification" of the original patent application, but rather were claims directed to Mortimer's alleged invention disclosed to Schuller and Hobart in 2003. (*Id.*) U.S. Patent No. 7,099,038 ("the '038 Patent") claims priority back to the September 15, 2000 application, and issued on August 29, 2006. (*Id.* ¶ 11, Ex. D.) Schuller assigned the '038 Patent to Premark. (*Id.*)

According to Label$Dollars, Lawrence Mortimer ("Mortimer") conceived of a method and system for providing pre-point-of-sale incentives in retail grocery stores before May 21, 2002. (*Id.* ¶ 8.) On December 24, 2002, Mortimer filed a patent application, Serial No. 10/328,938, with the USPTO, disclosing this method and system. (*Id.* ¶ 8.)

Mortimer's company, Label$Dollars, needed to use weighing scales supplied by Hobart in order to conduct testing. (*Id.* ¶ 9.) In late 2002, Mortimer contacted Schuller and Hobart, and allegedly disclosed to Hobart confidential information relating to Mortimer's alleged invention in early 2003. (*Id.* ¶ 9.)

On September 25, 2006, Label$Dollars filed a five-count Complaint in this Court. In Count III, Label$Dollars asserts that because Schuller did not conceive of the subject matter of the claims issued in the '038 Patent, but rather derived the claimed invention from Mortimer,

-3-

-4-

inventorship of the '038 Patent should be corrected pursuant to 35 U.S.C. § 256 to show

Mortimer as the sole inventor of the '038 Patent and to remove Schuller as a named inventor.

(*Id.* ¶¶ 27-28.)  In Count IV, Label$Dollars claims that, in the alternative, Mortimer should be

added as a joint inventor (with Schuller) of the '038 Patent pursuant to 35 U.S.C. § 256.  (*Id.* ¶

33.)  Count V asserts that since Mortimer is the proper inventor of the '038 Patent, a constructive

trust should be imposed on Premark's profits, revenues, and other benefits obtained from the

'038 Patent.  (*Id.* ¶¶ 38-39.)

## ARGUMENT

### I.    STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of a complaint. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). When considering a motion to dismiss, a court must accept as true all factual allegations in the complaint. *Graves v. Lowery*, 117 F.3d 723, 726 (3d Cir. 1991). The burden lies with the moving party to show "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." *Conley*, 355 U.S. at 45. "Nevertheless, a plaintiff may . . . plead itself out of court if the complaint includes particulars that show it cannot possibly be entitled to the relief it seeks." *Thomas v. Farley*, 31 F.3d 557, 558-59 (7th Cir. 1994).

### II.    IF THE CLAIMS OF THE '038 PATENT ARE NOT SUPPORTED BY THE SPECIFICATION, THE PROPER REMEDY IS INVALIDITY OF THE PATENT, NOT NAMING MORTIMER AS THE INVENTOR.

In Counts III and IV, Label$Dollars requests that Mortimer be designated as an inventor (either sole or joint) of the '038 Patent pursuant to 35 U.S.C. § 256. Similarly, in Count V, Label$Dollars asserts that Mortimer is the proper inventor of the '038 Patent, and requests that the Court order Premark to assign its rights in the patent to Mortimer. Under Label$Dollars' own theory of the case, taking the allegations of the complaint as true, these remedies are unavailable because the '038 Patent is invalid. (Compl. Count I.) Since Mortimer cannot be named as an "inventor" of an invalid patent, Counts III through V should be dismissed with prejudice.

In its Complaint, Label$Dollars alleges that Mortimer disclosed certain confidential information regarding his alleged invention to Schuller in early 2003. (Compl. ¶ 9.) Schuller then filed a continuation application with the USPTO with claims covering Mortimer's

-5-

alleged invention. (*Id.* ¶ 11.) However, according to Label$Dollars, these claims "had no support in the specification" of the application. (*Id.* ¶ 11.)[1] Schuller's continuation application issued as the '038 Patent. While the evidence in this case will clearly show that the asserted claims were invented by Schuller, and are fully supported by the specification of the original patent application filed on September 15, 2000, Label$Dollars' allegations must be accepted as true for purposes of the present motion.

Under 35 U.S.C. § 112, paragraph 1, each patent must "contain a written description"—also known as a specification—"of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, . . . to make and use the same." 35 U.S.C. § 112(1) (2000). The purpose of this requirement "is to ensure that the scope of the right to exclude, as set forth in the claims, does not overreach the scope of the inventor's contribution to the field of art as described in the patent specification." *Reiffin v. Microsoft Corp.*, 214 F.3d 1342, 1345-46 (Fed. Cir. 2000). Taking all of Label$Dollars allegations as true renders the requested relief nonsensical – Label$Dollars would be seeking to add Mortimer as an inventor to an invalid patent.

Compliance with the written description requirement of § 112, paragraph 1 "requires that the original application considered as a whole describe the invention claimed in the patent resulting from that application." *TurboCare Div. of Demag Delaval Turbomachinery Corp. v. Gen. Elec. Corp.*, 264 F.3d 1111, 1120 (Fed. Cir. 2001) (citing *Reiffin*, 214 F.3d 1346). When an "application adds a claim or otherwise amends his specification after the original file date, . . . the new claims or other added material must find support in the original specification."

---

[1] In fact, Label$Dollars seeks to invalidate the '038 patent on this very basis. (Compl. Count I.)

*Id.* at 1118; *see also Schering Corp. v. Amgen Inc.*, 222 F.3d 1347, 1352 (Fed. Cir. 2000) ("The fundamental inquiry is whether the material added by amendment was inherently contained in the original application."). Claims that are not supported by the specification are invalid. *Johnson Worldwide Assoc. v. Zebco Corp.*, 175 F.3d 985, 993 (Fed. Cir. 1999); *Gentry Gallery v. Berkline Corp.*, 134 F.3d 1473, 1480 (Fed. Cir. 1998); *see also Univ. of Rochester v. G.D. Searle & Co.*, 358 F.3d 916, 927 (Fed. Cir. 2004) ("[A] patent can be held invalid for failure to meet the written description requirement, based solely on the language of the patent specification.").

Here, Label$Dollars has alleged in no uncertain terms that the claims of the '038 Patent have no support in the specification. (Compl. ¶ 11.) Accordingly, under Label$Dollars' own theory, the '038 Patent is invalid for failure to comply with the written description requirement of § 112(1). In fact, Label$Dollars has requested this relief in a separate count (Count I), asserting that it is entitled to a declaratory judgment that the '038 Patent is invalid for several reasons, including failure to comply with the requirements of § 112. (*Id.* ¶ 16.) Label$Dollars cannot, at the same time, seek to have Mortimer named as an "inventor" of what it alleges is an invalid patent. Consequently, because Label$Dollars' Complaint "includes particulars that show it cannot possibly be entitled to the relief it seeks," *Thomas*, 31 F.3d at 558-59, Counts III through V of the Complaint must be dismissed with prejudice.

Label$Dollars cannot fall back on an argument that the patent specification does support the claims, as any such argument completely undercuts Label$Dollars' allegations that Schuller derived the invention from a meeting that took place more than two years <u>after</u> Schuller disclosed the invention in his September 15, 2000 application. Therefore, any claim by Label$Dollars that it is pleading in the alternative must also fail. If the specification does

-7-

-8-

support the asserted claims of the '038 patent, then the claims are valid. The specification for that application was filed with the USPTO more than two years prior to the meeting with Mortimer in early 2003. The claimed subject matter therefore could not have been derived from Mortimer.

RLF1-3083267-1

## CONCLUSION

For the foregoing reasons, Counts III, IV and V of Label$Dollars' Complaint should be

dismissed with prejudice.

OF COUNSEL:
Richard J. O'Brien
Richard T. McCaulley
Christopher B. Seaman
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036


Dated: November 16, 2006

Jeffrey L. Moyer (#3309)
Anne Shea Gaza (#4093)
RICHARDS, LAYTON & FINGER, P.A.
moyer@rlf.com
gaza@rlf.com
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

*Attorneys for Defendant/Counterclaim*
*Plaintiff Premark FEG, L.L.C.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2006, I caused to be served by hand delivery the

foregoing document and electronically filed the same with the Clerk of Court using CM/ECF

which will send notification of such filing(s) to the following:

> Josy W. Ingersoll, Esquire
> John W. Shaw, Esquire
> Young, Conaway, Stargatt &
>   Taylor LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE 19899-0391

I hereby certify that on November 16, 2006, I have sent by Federal Express the foregoing

document to the following non-registered participants:

> Norman H. Zivin, Esquire
> Tonia A. Sayour, Esquire
> Cooper & Dunham LLP
> 1185 Avenue of the Americas
> New York, NY 10036

Anne Shea Gaza (#4093)
Gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700