IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LabelSDollars, Corp.,

    Plaintiff/Counterclaim Defendant,

      v.

Premark FEG LLC,

    Defendant/Counterclaim Plaintiff.

Civil Action No. 06-594 (JJF)

## PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNTS III, IV, AND V OF THE COMPLAINT

Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
Karen E. Keller (#4489)
YOUNG, CONAWAY, STARGATT
& TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19899-0391
302-571-6600
kkeller@ycst.com

Attorneys for Plaintiff
LabelSDollars, Corp.

OF COUNSEL:
Norman H. Zivin
Tonia A. Sayour
COOPER & DUNHAM LLP
1185 Avenue of the Americas
New York, NY  10036
212-278-0400

Dated:  December 4, 2006

## TABLE OF CONTENTS

I.     NATURE AND STAGE OF THE PROCEEDINGS……………………………………..2

II.    SUMMARY OF THE ARGUMENT……………………………………….....................2

III.   STATEMENT OF FACTS………………………………………………………………....3

IV.   ARGUMENT…………………………………………………………………………………3

A.  Plaintiff Has Pled A Cause of Action Upon Which
Relief Can Be Granted Under Fed.R.Civ.P.12(b)(6)……………………….................3

B.  Plaintiff May Assert Alternative Claims, Even If The
Claims Are Inconsistent, Under Fed.R.Civ.P.8(e)(2)……………………………..3

C.  Defendant's Motion Is Directed To The Remedy,
Not To The Pleading………………………………………………………………....4

V.    CONCLUSION……………………………………………………………………………6

## TABLE OF AUTHORITIES

**Cases**

*Conley v. Gibson,*
355 U.S. 41 (1957) ................................................................................................................. 3

*Scheuer v. Rhodes,*
416 U.S. 232 (1974) .............................................................................................................. 3

*Independent Enters., Inc. v. Pittsburgh Water & Sewer Auth.,*
103 F.3d 1165 (3d Cir. 1997) ............................................................................................... 4

*Pannu v. Iolab Corp.,*
155 F.3d 1344 (Fed. Cir. 1998) .......................................................................................... 4, 5

**Rules**

Fed.R.Civ.P. 8(e)(2) ............................................................................................................ 3

Fed.R.Civ.P. 12(G)(6) .......................................................................................................... 3

## I.    NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Label$Dollars, Corp. ("Plaintiff" or "Label$Dollars") filed the complaint in this action on September 25, 2006.   On November 16, 2006, Defendant Premark FEG, LLC ("Defendant" or "Premark") filed this Motion to Dismiss Counts III-V of the Complaint and an Answer (addressing Counts I and II) and Counterclaim.  Plaintiff submits this brief in opposition to Defendant's Motion to Dismiss Counts III-V of the Complaint.

## II.    SUMMARY OF THE ARGUMENT

In support of its motion to dismiss, Defendant alleges that "Label$Dollars' claims in Counts III, IV, and V are clearly inconsistent with its allegations of invalidity and non-infringement" and should therefore be dismissed.  (Defendant's Opening Brief (D.I. 11), at 2). Specifically, Defendant contends that the Plaintiff cannot simultaneously assert that the claims of the '038 Patent are invalid for failure to comply with the written description requirement of 35 U.S.C. § 112, paragraph 1 and that Mr. Lawrence Mortimer of Label$Dollars is the real inventor of the claimed subject matter of the patent-in-suit.  (Defendant's Opening Brief (D.I. 11), at 7). [1]

There is nothing improper in Plaintiff's pleading.   As a matter of law, the Federal Rules of Civil Procedure clearly allow Plaintiff to plead in the alternative and inconsistently. Defendant focuses only on the availability of remedies not on the sufficiency of the pleading. Whether the remedies are available will not be known until the facts are determined.  Therefore, the Court should deny Defendant's motion to dismiss at this time.

---

[1] As an initial matter, Defendant's argument is misplaced as Plaintiff's complaint not only asserts that the '038 Patent is invalid under 35 U.S.C. §112, paragraph 1, but also asserts invalidity for failure to comply with other "provisions of Title 35 of the United States Code . . . including but not limited to §§ 102, 103 . . . and 132."  (Complaint (D.I 1), ¶ 16).   Indeed, the pleading includes 35 U.S.C. § 102(f), which provides that a person shall be entitled to a patent unless "he did not himself invent the subject matter sought to be patented."

### III.    STATEMENT OF FACTS

The facts for this motion are set forth in Plaintiff's Complaint filed on September 26,

2006 and summarized in Defendant's Opening Brief in Support of it's Motion to Dismiss Counts

III-V of the Complaint.

### IV.    ARGUMENT

#### A.    Plaintiff Has Pled A Cause Of Action Upon Which Relief Can Be Granted Under Fed.R.Civ.P. 12(b)(6)

The standard for deciding a motion to dismiss is well-settled.  The trial court may not

grant a motion to dismiss for failure to state a claim "unless it appears beyond a doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).    "The issue is not whether a plaintiff will

ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Plaintiff's complaint clearly alleges facts that, if proven, show that it is entitled to relief

against Defendant on its asserted claims.  Plaintiff has alleged in Count I that the patent-in-suit is

invalid.  Plaintiff also has alleged in Counts III and IV that the true inventor is Mr. Mortimer,

solely or jointly, if the patent is valid.  All contentions state a claim for relief.  Defendant does

not contend otherwise.

#### B.    Plaintiff May Assert Alternative Claims, Even If The Claims Are Inconsistent, Under Fed.R.Civ.P. 8(e)(2)

As an elementary matter of pleading under the Federal Rules of Civil Procedure, alleged

inconsistency does not undermine the sufficiency of a pleading.    Specifically, Rule 8(e)(2) of

the Federal Rules of Civil Procedure provides that:

> A party may set forth two or more statements of a claim or
> defense alternatively or hypothetically, either in one count or

> defense or in separate counts or defenses.  When two or more
> statements are made in the alternative and one of them if made
> independently would be sufficient, the pleading is not made
> insufficient by the insufficiency of one or more alternative
> statements.  A party may also state as many separate claims or
> defenses as the party has regardless of consistency . . . .

See *Independent Enters., Inc. v. Pittsburgh Water & Sewer Auth.*, 103 F.3d 1165, 1175 (3d Cir.

1997) ("[t]his Rule permits inconsistency in both legal and factual allegations . . . and has been

interpreted to mean that a court 'may not construe [a plaintiff's] first claim as an admission

against another alternative or inconsistent claim.'") (citations omitted).

Plaintiff's complaint may take inconsistent positions.  Even if there is a supposed

inconsistency, Defendant's motion to dismiss must be denied.

### C.    Defendant's Motion Is Directed To The Remedy, Not To The Pleading

Defendant urges dismissal of Counts III, IV and V on the ground that "if the claims of the

'038 Patent are not supported by the specification, the proper remedy is invalidity of the patent,

not naming Mortimer as an inventor." (Defendant's Opening Brief (D.I. 11), at 5).  Whether all

the remedies are available does not affect the sufficiency of the pleading.

Counts III, IV, and V are brought as alternatives to Count I, which seeks a declaration of

invalidity of the patent-in-suit, and to each other.  Count I asserts invalidity under multiple

sections of Title 35 of the United States Code, including, but not limited to, §§ 102, 103, 112 and

132.  If the Court determines the validity or invalidity of the '038 Patent under some of these

sections, then the Court may not need to decide Counts III-V.  The basis for invalidity of the

claims is not exclusively Section 112, as alleged by Defendant in its motion.  For example, if the

Court determines that the '038 Patent is invalid under 35 U.S.C. § 102(f), then it will need to

decide Counts III-V, because "in cases of misjoinder and nonjoinder [of inventors] the operation

of section 102(f) is ameliorated by section 256." *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1350

(Fed. Cir. 1998).    In other words, if the Court determines that the patent-in-suit does not correctly name the inventors of the claimed invention, instead of rendering the patent invalid, the Court may invoke Section 256, which affords an opportunity to correct the patent by fixing its inventorship. *Id.*

Count III asks the Court to determine whether, pursuant to Section 256, Mr. Schuller of Hobart should be removed as an inventor and replaced by Mr. Mortimer as sole inventor. Count IV alternatively asks the Court to determine whether Mr. Mortimer should be added to the patent as a joint inventor.    If the Court determines that Mr. Mortimer should be named as an inventor, Count V requests that the Court determine whether Label Dollars is the true owner of the patent-in-suit such that a constructive trust for its benefit should be imposed.

With respect to both Counts III and IV, the patentee must be given an opportunity to correct inventorship under Section 256, should it so choose. *See Pannu*, 155 F.3d at 1350 ("the patentee must claim entitlement to relief under the statute and the court must give the patentee an opportunity to correct the inventorship."). Should the patentee arbitrarily and capriciously choose to accept invalidity of the '038 Patent, rather than save it by adding Mr. Mortimer as an inventor, Count V becomes especially relevant. In that instance, the Court should impose a constructive trust and order Defendant to award Plaintiff any profits, revenues, royalties or other benefits it obtained as a result of the '038 Patent.

Whether the remedies are available and necessary will not be known until the case is tried and decided. However, the availability of the remedies does not preclude Plaintiff from pleading its claims for relief. Accordingly, because Plaintiff's complaint is sufficient under the Federal Rules of Civil Procedure, Defendant's motion to dismiss Counts III-V should be denied.

## V.    CONCLUSION

For the reasons stated above, Defendant's motion to dismiss Counts III-V of the complaint should be denied in its entirety.

Respectfully submitted,

Josy W. Ingersoll (#1088)
John W. Shaw  (#3362)
Karen E. Keller (#4489)
YOUNG, CONAWAY, STARGATT
& TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19899-0391
302-571-6600
kkeller@ycst.com

Attorneys for Plaintiff
LabelSDollars, Corp.

OF COUNSEL:
Norman H. Zivin
Tonia A. Sayour
COOPER & DUNHAM LLP
1185 Avenue of the Americas
New York, NY  10036
212-278-0400

Dated:  December 4, 2006

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on December 4, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Rodger D. Smith, II, Esquire
> Morris, Nichols, Arsht & Tunnell LLP
> 1201 North Market Street
> Wilmington, DE 19801

I further certify that on December 4, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record.

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> Josy W. Ingersoll (No. 1088)
> Karen E. Keller (No. 4489)
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19801
> (302) 571-6600
> kkeller@ycst.com
> *Attorneys for Plaintiff*