IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Label$Dollars, Corp., <br><br>    Plaintiff, <br><br>    v. <br><br>Premark FEG L.L.C., <br><br>    Defendants. | Civil Action No. 06-594 (JJF) |

## ANSWER TO COUNTERCLAIM

Plaintiff Label$Dollars, Corp. ("Label Dollars"), by its undersigned counsel, hereby demands a trial by jury on issues so triable, and answers the Counterclaim of Defendant Premark FEG, LLC ("Premark"), as follows:

1. Label Dollars admits that in its Counterclaim, Premark seeks a judgment that Label Dollars allegedly has infringed, contributorily infringed, and induced infringement of U.S. Patent No. 7,099,038 ("the '038 Patent" or "patent-in-suit") and seeks equitable relief, damages, attorney's fees, costs, expenses and other relief. Label Dollars denies that Premark is entitled to any judgment or relief. Label Dollars further denies the remaining allegations contained in Paragraph 1.

2. Label Dollars is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2.

3. Label Dollars admits that it is a corporation organized and existing under the laws of the State of Delaware, but denies the remaining allegations contained in Paragraph 3.

4. Label Dollars admits the allegations contained in Paragraph 4.

5. Label Dollars admits that the Court has personal jurisdiction over it because it transacts business in this district and has availed itself to the protection of this district by bringing the present action herein, but denies the remaining allegations contained in Paragraph 5.

6. Label Dollars admits the allegations contained in Paragraph 6.

7. Label Dollars admits the allegations contained in Paragraph 7.

8. Label Dollars admits that the '799 Application was published by the USPTO as Pub. No. 2005/0055637 and that a copy of the published '799 Application is attached as Exhibit B to the Counterclaim, but denies the remaining allegations contained in Paragraph 8.

9. Label Dollars admits the allegations contained in Paragraph 9.

10. Label Dollars denies the allegations contained in Paragraph 10, except admits that it designs, promotes and sells pre-printed coupons in grocery stores and supermarkets and that it has promoted and sold pre-printed coupons in Safeway and Dominick's stores.

11. Label Dollars denies the allegations contained in Paragraph 11.

## COUNT I
### (*ALLEGED INFRINGEMENT OF THE '038 PATENT*)

12. Label Dollars repeats and reasserts all allegations in the paragraphs above as if they were stated in full herein.

13. Label Dollars denies the allegations contained in Paragraph 13.

14. Label Dollars denies the allegations contained in Paragraph 14.

15. Label Dollars denies the allegations contained in Paragraph 15.

16. Label Dollars denies the allegations contained in Paragraph 16.

17. Label Dollars denies the allegations contained in Paragraph 17.

18. Label Dollars denies the allegations contained in Paragraph 18.

19. Label Dollars denies the allegations contained in Paragraph 19.

## COUNT II
### (*REASONABLE ROYALTY FOR PROVISIONAL RIGHTS*)

20. Label Dollars repeats and reasserts all allegations in the paragraphs above as if they were stated in full herein.

21. Label Dollars admits the allegations contained in Paragraph 21.

22. Label Dollars denies the allegations contained in Paragraph 22.

23. Label Dollars denies the allegations contained in Paragraph 23.

24. Label Dollars denies the allegations contained in Paragraph 24.

25. Label Dollars denies the allegations contained in Paragraph 25.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Premark's Counterclaim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The '038 Patent is invalid and void as a result of Schuller's failure to comply with one or more provisions of Title 35 of the United States Code related to patentability of an invention, including but not limited to §§ 102, 103, 112, and 132.

### THIRD AFFIRMATIVE DEFENSE

Premark is estopped to construe the claims of the '038 patent to cover any product made, used, sold, offered for sale or imported by Label Dollars because of statements, amendments or actions taken during the prosecution of those patents.

### FOURTH AFFIRMATIVE DEFENSE

The claims of the '038 Patent cannot be construed to cover any product made, used, sold, or offered for sale by Label Dollars and avoid the prior art.

### FIFTH AFFIRMATIVE DEFENSE

Label Dollars has not and does not directly or contributorily infringe any valid claim of the '038 Patent, nor has Label Dollars induced or is inducing infringement of the '038 Patent.

### SIXTH AFFIRMATIVE DEFENSE

Label Dollars was the first to conceive and reduce to practice the subject matter of one or more claims issued in the '038 Patent.

### SEVENTH AFFIRMATIVE DEFENSE

Premark lacks standing to enforce the '038 Patent because Label Dollars is the owner of all rights in and to the '038 Patent.

### EIGHTH AFFIRMATIVE DEFENSE

The '038 Patent is unenforceable due to laches based on Premark and/or Schuller's unreasonable and unexplained delay in prosecuting the chain of applications.

### NINTH AFFIRMATIVE DEFENSE

Premark is not entitled to any relief or recovery by reason of its coming into Court with unclean hands, seeking to enforce a patent which Premark knows to be invalid, void, unenforceable and/or not infringed.

### TENTH AFFIRMATIVE DEFENSE

Premark is equitably estopped from enforcing the '038 Patent against Label Dollars by its conduct in misappropriating Label Dollars' disclosure.

### ELEVENTH AFFIRMATIVE DEFENSE

Premark is not entitled to an injunction or any other equitable remedy because it has an adequate remedy at law.

WHEREFORE, Label Dollars prays that the Counterclaim be dismissed with prejudice and that Label Dollars be awarded attorney's fees and costs and such other relief as may be just and proper.

Dated: December 6, 2006                         YOUNG CONAWAY STARGATT &
                                                TAYLOR, LLP


                                                By: /s/ Karen E. Keller
                                                Josy W. Ingersoll (#1088)
                                                John W. Shaw (#3362)
                                                Karen E. Keller (#4489)
                                                The Brandywine Building
                                                1000 West Street, 17th Floor
                                                P.O. Box 391
                                                Wilmington, DE 19899-0391
                                                Tel: 302-571-6600
                                                Fax: 302-517-3467
                                                kkeller@ycst.com

                                                        and

                                                Norman H. Zivin
                                                Tonia A. Sayour
                                                COOPER & DUNHAM LLP
                                                1185 Avenue of the Americas
                                                New York, New York 10036
                                                Tel: (212) 278-0400
                                                Fax: (212) 391-0630

                                                Attorneys for Plaintiff
                                                Label$Dollars, Corp.

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on December 6, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Rodger D. Smith, II, Esquire
> Morris, Nichols, Arsht & Tunnell LLP
> 1201 North Market Street
> Wilmington, DE 19801

I further certify that on December 6, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen E. Keller*

Josy W. Ingersoll (No. 1088)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
kkeller@ycst.com
*Attorneys for Plaintiffs*