IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| LABEL$DOLLARS, CORP., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | C.A. No. 06-594 (JJF) |
| | ) | |
| v. | ) | |
| | ) | |
| PREMARK FEG, L.L.C., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |
| | ) | |

## REPLY BRIEF IN SUPPORT OF DEFENDANT'S
## MOTION TO DISMISS COUNTS III, IV, AND V OF THE COMPLAINT

OF COUNSEL:
Richard J. O'Brien
Richard T. McCaulley
Christopher B. Seaman
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Jeffrey L. Moyer (#3309)
Moyer@rlf.com
Anne Shea Gaza (#4093)
Gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

*Attorneys for Defendant/Counterclaim
Plaintiff Premark FEG, L.L.C.*

Dated: December 14, 2006

## TABLE OF CONTENTS

TABLE OF CONTENTS...................................................................................................i

TABLE OF AUTHORITIES ..........................................................................................ii

INTRODUCTION ...........................................................................................................1

ARGUMENT....................................................................................................................2

    I.    COUNTS III-V MUST BE DISMISSED BECAUSE, UNDER PLAINTIFF'S OWN SET OF FACTUAL ALLEGATIONS, IT CANNOT PREVAIL .................2

        A. Label$Dollars' Factual Allegations.......................................................................2

        B. Under Label$Dollars' Own Allegations, Mortimer Cannot Be Named As An Inventor of the '038 Patent ...........................................................................3

    II.    IT IS IRRELEVANT THAT LABEL$DOLLARS SEEKS TO HAVE THE '038 PATENT INVALIDATED ON GROUNDS OTHER THAN SECTION 112 .......6

    III.    SECTION 256 IS INTENDED TO PERMIT CORRECTION OF A BONA FIDE MISTAKE IN INVENTORSHIP OF A PATENT, NOT AN ADVERSARIAL CHALLENGE BASED ON ALLEGEDLY FRAUDULENT CONDUCT ............7

CONCLUSION ................................................................................................................9

RLF1-3094051-1

## TABLE OF AUTHORITIES

### CASES

*Amgen Inc. v. Hoechst Marion Roussel, Inc.*,
  314 F.3d 1313 (Fed. Cir. 2003) ................................................................. 4

*Applied Materials Inc. v. Adv. Semiconductor Materials Am. Inc.*,
  30 U.S.P.Q.2d (BNA) 1967 (N.D. Cal. 1994), *aff'd*, 104 F.3d 376 (Fed. Cir.
  1996) ........................................................................................................... 2

*C.R. Bard, Inc. v. M3 Sys., Inc.*,
  157 F.3d 1340 (Fed. Cir. 1998) ................................................................. 8

*Canon Computer Sys. v. Nu-Kote Int'l*,
  134 F.3d 1085 (Fed. Cir. 1998) ................................................................. 7

*Cargill, Inc. v. Sears Petroleum & Transp. Corp.*,
  334 F. Supp. 2d 197 (N.D.N.Y. 2004) ...................................................... 8

*Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*,
  458 F.3d 244 (3d Cir. 2006) ...................................................................... 2

*Kingsdown Med. Consultants, Ltd. v. Hollister, Inc.*,
  863 F.2d 867 (Fed. Cir. 1988) ................................................................... 5

*Multiform Desiccants, Inc. v. Medzam Ltd.*,
  133 F.3d 1473 (Fed. Cir. 1998) ................................................................. 5

*Pandrol USA, LP v. Airboss Ry. Prods.*,
  424 F.3d 1161 (Fed. Cir. 2005) ................................................................. 4

*Rengo Co. Ltd. v. Molins Mach. Co.*,
  657 F.2d 535 (3d Cir. 1981) ...................................................................... 4

*S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*,
  181 F.3d 410 (3d Cir. 1999) ...................................................................... 2

*Solomon v. Kimberly-Clark Corp.*,
  216 F.3d 1372 (Fed. Cir. 2000) ................................................................. 7

*Standard Oil Co. v. Montedison, S.p.A.*,
  494 F. Supp. 370, *aff'd*, 664 F.2d 356 (3d Cir. 1981) ............................. 8

*Stark v. Adv. Magnetics, Inc.*,
  29 F.3d 1570 (Fed. Cir. 1994) ................................................................... 7

*Tronzo v. Biomet, Inc.*,
  156 F.3d 1154 (Fed. Cir. 1998) ................................................................. 5

*TurboCare Div. of Demag Delaval Turbomachinery Corp. v. Gen. Elec. Corp.*,
  264 F.3d 1111 (Fed. Cir. 2001) ................................................................. 6

*Univ. of Rochester v. G.D. Searle & Co.*,
  358 F.3d 916 (Fed. Cir. 2004) ................................................................... 4

*Vas-Cath Inc. v. Mahurkar*,
  935 F.2d 1555 (Fed. Cir. 1991) ................................................................. 4

## STATUTES AND OTHER AUTHORITIES

35 U.S.C. § 112 ................................................................................................................. 4

S. Rep. No. 82-1979 (1952) ............................................................................................. 8

Fed. R. Civ. P. 12(b)(6) ................................................................................................... 2

-iii-

## INTRODUCTION

Contrary to Plaintiff Label$Dollars, Corp.'s ("Label$Dollars") argument (Pl.'s Answering Br. at 3-4), Defendant Premark FEG, L.L.C. ("Premark") does not assert that, as a general matter, a party cannot plead alternative claims under Federal Rule of Civil Procedure 8(e)(2). Rather, Premark argues that under the specific set of facts alleged by Label$Dollars, it cannot possibly prevail in its inventorship claims in Counts III, IV, and V. Based on Label$Dollars' own allegations, only two outcomes are possible—either the specification supports the claims contained in U.S. Patent No. 7,099,038 ("the '038 Patent"), in which case Robert Schuller ("Schuller") is the proper inventor of the patent; or the specification does not support the '038 Patent, in which case it is invalid. In either situation, Lawrence Mortimer ("Mortimer") of Label$Dollars cannot validly claim ownership of the '038 Patent, and so Counts III through V must be dismissed for failure to state a claim upon which relief can be granted.

Label$Dollars also argues that Premark's motion to dismiss should not be granted because Label$Dollars seeks invalidity of the '038 Patent on numerous grounds other than inadequate support in the patent's specification. (Pl.'s Answering Br. at 4-5.) This argument completely misses the mark, however, because even if the '038 Patent is declared invalid on other grounds, Mortimer cannot be added as an "inventor" to an invalid patent. In addition, it is well-settled in the case law that section 256 was intended merely to permit correction of bona fide mistakes in the inventorship of a patent, not to allow a full-fledged, post-issuance challenge alleging the intentional or fraudulent omission of an inventor, as Label$Dollars has done here. Accordingly, Premark's partial motion to dismiss should be granted.

1

## ARGUMENT

### I.  COUNTS III-V MUST BE DISMISSED BECAUSE, UNDER PLAINTIFF'S OWN SET OF FACTUAL ALLEGATIONS, IT CANNOT PREVAIL

Label$Dollars misunderstands the nature of Premark's motion to dismiss Counts III, IV, and V of the Complaint. Premark does not claim that, as a general principle, a party cannot plead alternative claims based on different or inconsistent facts under Federal Rule of Civil Procedure 8(e)(2). Rather, Premark asserts that, under the specific set of facts alleged by Label$Dollars in its Complaint, it cannot possibly prevail in these claims under 35 U.S.C. § 256. Consequently, Counts III through V should be dismissed "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

#### A.  Label$Dollars' Factual Allegations

In its Complaint, Label$Dollars alleges the following facts. On September 15, 2000, Schuller filed a patent application with the United States Patent & Trademark Office ("USPTO"). (Compl. ¶ 7.) This application, Serial No. 09/633,285 ("the '285 Application"), describes an invention related to "a method and system for controlling messages printed on labels by an in-store scale for increasing marketing and promotional opportunities." (Id.; Countercl. ¶ 6, Ex. A.)

On October 18, 2004, Schuller filed a continuation application with the USPTO. (Compl. ¶ 11.) This continuation application contained the same specification as the '285 Application.[1]  (Compare id. Ex. D, with Countercl. Ex. A.)  On August 29, 2006, the

---

[1] Although Plaintiff's Complaint did not specifically disclose the contents of the '285 Application, this Court may take judicial notice of the '285 Application as a public record and consider it on a Rule 12(b)(6) motion. See Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc., 458 F.3d 244, 257 (3d Cir. 2006) ("To resolve a 12(b)(6) motion, a court may properly look at public records . . . in addition to the allegations in the complaint." (quoting S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999)); see also Applied Materials Inc. v. Advanced Semiconductor Materials Am. Inc., 30 U.S.P.Q.2d (BNA) 1967, 1968 (N.D. Cal. 1994), aff'd, 104 F.3d 376 (Fed. Cir. 1996) (TABLE) (taking judicial notice of a patent application as a public record in resolving a 12(b)(6) motion).

continuation application issued as the '038 Patent. (Compl. ¶ 11.)

Over two years after Schuller's original application was filed, Mortimer filed a complete patent application, Serial No. 10/328,928 ("the '928 Application"), with the USPTO on December 24, 2002. (*Id.* ¶¶ 7-8.) This application disclosed a method and system "for providing pre-point-of-sale incentives in retail grocery stores, preferably occurring at or near the point of product selection by a consumer." (*Id.* Ex. B. at 1.)

At some point in 2003, Mortimer allegedly disclosed to Hobart, Schuller's employer, certain unspecified information regarding Mortimer's 2002 patent application. (*Id.* ¶ 9.) Label$Dollars asserts that Schuller used this information to draft new claims covering Mortimer's alleged invention, and included these new claims in his continuation application that issued as the '038 Patent. (*Id.* ¶ 11.) However, according to Label$Dollars, these new claims were not supported by the specification of Schuller's original patent application. (*Id.*)

Based on these factual allegations, Label$Dollars asserts in Count I of its Complaint that the '038 Patent is invalid. (*Id.* ¶¶ 14-17.) In the alternative, it demands that Mortimer be named as inventor of the '038 Patent because "Schuller . . . did not conceive of the subject matter of the claims issued in the '038 Patent, but rather derived the claimed invention from Mortimer['s]" disclosure. (*Id.* ¶ 27.)

### B.    Under Label$Dollars' Own Allegations, Mortimer Cannot Be Named As An Inventor of the '038 Patent

Based on Label$Dollars' allegations, only two outcomes are possible—either the original specification (in the '285 Application) supports the claims contained in Schuller's 2004 continuation application, or it does not. In either case, Mortimer cannot be named an inventor of the '038 Patent (either solely or jointly) under 35 U.S.C. § 256.

First, if the specification of the '285 Application does not support the claims

-3-

contained Schuller's 2004 continuation application, then the '038 Patent is invalid pursuant to 35 U.S.C. § 112 ¶ 1. Section 112, paragraph 1, requires that a patent's specification "must contain 'a written description of the invention, and of the manner and process of making and using it.'" *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1330 (Fed. Cir. 2003) (quoting 35 U.S.C. § 112 ¶ 1. The purpose of this written description requirement "is to prevent an applicant from later asserting that he invented that which he did not; the applicant for a patent is therefore required to 'recount his invention in such detail that his future claims can be determined to be encompassed within his original creation.'" *Id.* (quoting *Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1561 (Fed. Cir. 1991)); *see also Rengo Co. Ltd. v. Molins Mach. Co.*, 657 F.2d 535, 551 (3d Cir. 1981) ("Adequate description of the invention [in the written description] guards against the inventor's overreaching by insisting that he recount his invention in such detail that his future claims can be determined to be encompassed within his original creation."). "Compliance with § 112 requires sufficient information in the specification to show that the inventor possessed the invention at the time of that original disclosure." *Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 424 F.3d 1161, 1165 (Fed. Cir. 2005).

As explained in Premark's Opening Brief, when a patent's claims are unsupported by its specification, they must be held invalid under § 112 ¶ 1. *See, e.g., Univ. of Rochester v. G.D. Searle & Co.*, 358 F.3d 916, 927 (Fed. Cir. 2004) ("[A] patent can be held invalid for failure to meet the written description requirement [of § 112 ¶ 1], based solely on the language of the patent specification."). Consequently, if the claims contained in Schuller's 2004 continuation application are unsupported by the specification in the '285 Application—as Label$Dollars alleges in Paragraph 11 of its Complaint, and incorporates by reference in Counts III, IV, and V (Compl. ¶¶ 11, 25, 31, 36)—then the '038 Patent is invalid under § 112 ¶ 1. Obviously,

-4-

Mortimer cannot be named as the "inventor" of an invalid patent.

The second possibility is that, contrary to Label$Dollars' assertion, the specification of the '285 Application does support the claims added by Schuller's continuation application. But, under this alternative, Schuller is the proper inventor of the '038 Patent, not Mortimer.

As previously mentioned, Schuller's 2004 continuation application contains the same specification as its parent application, the '285 Application, which was filed on September 15, 2000. (Compl. ¶¶ 7, 11, Ex. D; Countercl. Ex A.) Thus, Schuller's 2004 continuation application claims priority on the filing date of the parent '285 Application. *See, e.g., Tronzo v. Biomet, Inc.*, 156 F.3d 1154, 1158 (Fed. Cir. 1998) (holding that a claim in a later-filed application is entitled to the filing date of an earlier application under 35 U.S.C. § 120 if it complies with the written description requirement of § 112 ¶ 1).

According to Label$Dollars, at some point in 2003, Mortimer disclosed certain information regarding his alleged invention to Hobart, and Schuller used this information to draft the claims contained in his 2004 continuation application. (Compl. ¶¶ 9, 11.) Label$Dollars asserts that this disclosure makes Mortimer the inventor of the '038 Patent. (*Id.* ¶¶ 27-28.) Even if true,[2] however, Schuller's disclosure and use of Mortimer's information does not make Mortimer an inventor of the '038 Patent. The '285 Application, which was filed in 2000, contains the complete disclosure of Schuller's invention. The Federal Circuit has long held that an inventor may "amend or insert claims intended to cover a competitor's product" that it "has learned about during the prosecution of a patent application." *Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867, 874 (Fed. Cir. 1988); *see also Multiform Desiccants, Inc. v.*

---

[2] Premark vigorously disputes these allegations (Answer ¶¶ 9, 11), but, for purposes of this motion only, must assume them to be true.

*Medzam, Ltd.*, 133 F.3d 1473, 1482 (Fed. Cir. 1998) (same). Consequently, Schuller was permitted to add new claims in his continuation application and still claim the benefit of the '285 Application's September 15, 2000 priority date, so long as those claims were supported by the original specification. *See TurboCare Div. of Demag Delaval Turbomachinery Corp. v. Gen. Elec. Co.*, 264 F.3d 1111, 1118 (Fed. Cir. 2001). Thus, Mortimer's alleged disclosures in 2003—more than two years after the priority date—cannot make him an inventor of the '038 Patent.

In summary, under Label$Dollars' own set of factual allegations, it cannot prevail on its claims for correction of inventorship. Either the claims of the '038 Patent are supported by the specification, in which case Schuller is the sole inventor; or the claims are not supported by the specification, in which case the patent is invalid. Because Label$Dollars cannot prevail on its claims that Mortimer should be named as an inventor of the '038 Patent, regardless of any evidence it seeks to offer in support, *see* Pl.'s Answering Br. at 3, Counts III, IV, and V should be dismissed with prejudice.

## II.   IT IS IRRELEVANT THAT LABEL$DOLLARS SEEKS TO HAVE THE '038 PATENT INVALIDATED ON GROUNDS OTHER THAN SECTION 112

In response to Premark's motion, Label$Dollars asserts that it seeks to have the '038 Patent declared invalid on numerous grounds other than § 112 ¶ 1, including §§ 102, 103, and 132. (Pl.'s Answering Br. at 4-5.) This argument misses the mark. Even if the '038 Patent is found invalid on one or more of these other grounds, Label$Dollars still cannot obtain relief.

For example, if the '038 Patent is determined to be invalid for anticipation by prior art under § 102(b), or for obviousness under § 103, adding Mortimer as an inventor will not save the patent from invalidity. Mortimer's own patent application, in which he disclosed his alleged invention, was provisionally filed on May 21, 2002. (Compl. ¶ 8.) In contrast, the '038 Patent has a priority date of September 15, 2000 (the date of the '285 Application). (*Id.* ¶ 7.)

-6-

Thus, the priority date for Mortimer's alleged invention—May 21, 2002—is over seventeen (17) months after the priority date for the '038 Patent. Adding Mortimer as an inventor will not save the '038 Patent from any potential prior art reference(s) resulting in invalidity under §§ 102 or 103.

Specifically, Label$Dollars hypothetically asserts that § 256 may be applied in one particular situation—if the '038 Patent is invalidated pursuant to 35 U.S.C. § 102(f). (Pl.'s Answering Br. at 4-5.) This situation, however, is wholly inapplicable, because Schuller did not "derive" the invention in the '038 Patent from Mortimer. "[S]ection 102(f) bars issuance of a valid patent to a person or persons who derive the conception of the invention from any other source or person." *Solomon v. Kimberly-Clark Corp.*, 216 F.3d 1372, 1381 (Fed. Cir. 2000) (internal quotations omitted). Here, Mortimer's disclosure to Hobart regarding his alleged invention occurred in 2003 (Compl. ¶ 9), more than two years after Schuller filed the '285 Application fully disclosing his invention. (*Id.* ¶ 7.) Thus, Schuller could not have "derived" his invention from Mortimer in violation of § 102(f).

### III.    SECTION 256 IS INTENDED TO PERMIT CORRECTION OF A BONA FIDE MISTAKE IN INVENTORSHIP OF A PATENT, NOT AN ADVERSARIAL CHALLENGE BASED ON ALLEGEDLY FRAUDULENT CONDUCT

Finally, section 256 was intended merely to permit the correction of a "technical defect" of "[i]ncorrect inventorship" in a patent, *Canon Computer Sys, Inc. v. Nu-Kote Int'l, Inc.*, 134 F.3d 1085, 1089 (Fed. Cir. 1998), not to allow a full-fledged, post-issuance challenge to a patent's named inventor based on allegedly intentional or fraudulent conduct. *See Stark v. Adv. Magnetics, Inc.*, 29 F.3d 1570, 1573 (Fed. Cir. 1994) ("The purpose of § 256 was to provide a remedy for a bona fide mistake in inventorship."). Consequently, courts have held that § 256 "is meant to allow the correction of honest mistakes. It is essentially an equitable rule which says that patents should not be invalidated for technical reasons which do not harm either the public

or individual litigants, and where the moving party has obtained no fraudulent gain." *Cargill, Inc. v. Sears Petroleum & Transp. Corp.*, 334 F. Supp. 2d 197, 234 (N.D.N.Y. 2004); *see also* S. Rep. No. 82-1979, at 7 (1952) (stating that § 256 was intended to permit correction of "a bona fide mistake in joining a person as inventor[,] or in failing to join a person as an inventor"). "[W]hen errors in inventorship are intentional or fraudulent . . . amendment [under § 256] [will] be disallowed." *Standard Oil Co. v. Montedison, S.p.A.*, 494 F. Supp. 370, 387 (D. Del. 1980), *aff'd*, 664 F.2d 356 (3d Cir. 1981); *see also C.R. Bard, Inc. v. M3 Sys., Inc.*, 157 F.3d 1340, 1352-53 (Fed. Cir. 1998) ("[Section] 256 permits correction of the designated inventorship of a patent when an error was made *without deceptive intent*[.]" (emphasis added)).

Here, Label$Dollars is accusing Schuller of intentional and/or fraudulent conduct regarding inventorship of the '038 Patent—i.e., that Schuller misappropriated Mortimer's disclosure to Hobart to obtain the '038 Patent. Consequently, a § 256 action, which is designed only to correct technical and accidental mistakes in inventorship, is not viable on the facts alleged by Label$Dollars.

RLF1-3094051-1

## CONCLUSION

For the foregoing reasons, Counts III, IV and V of Label$Dollars' Complaint should be

dismissed with prejudice.

OF COUNSEL:
Richard J. O'Brien
Richard T. McCaulley
Christopher B. Seaman
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Dated: December 14, 2006

Jeffrey L. Moyer (#3309)
Moyer@rlf.com
Anne Shea Gaza (#4093)
Gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

*Attorneys for Defendant/Counterclaim
Plaintiff Premark FEG, L.L.C.*

-9-

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2006, I caused to be served by hand delivery the

foregoing document and electronically filed the same with the Clerk of Court using CM/ECF

which will send notification of such filing(s) to the following:

> Josy W. Ingersoll, Esquire
> John W. Shaw, Esquire
> Young, Conaway, Stargatt &
>  Taylor LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE 19899-0391

I hereby certify that on December 14, 2006, I have sent by Federal Express the foregoing

document to the following non-registered participants:

> Norman H. Zivin, Esquire
> Tonia A. Sayour, Esquire
> Cooper & Dunham LLP
> 1185 Avenue of the Americas
> New York, NY 10036

> Jeffrey L. Moyer (#3309)
> Moyer@rlf.com
> Richards, Layton & Finger, P.A.
> One Rodney Square
> P.O. Box 551
> Wilmington, Delaware 19899
> (302) 651-7700

RLF1-3082214-1