IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LABEL$DOLLARS, CORP.,          :
                               :
        Plaintiff,             :
                               :
    v.                         :    Civil Action No. 06-594-JJF
                               :
PREMARK FEG, L.L.C.            :
                               :
        Defendant.             :

**MEMORANDUM ORDER**

Pending before the Court is Defendant Premark FEG, L.L.C.'s Motion To Dismiss Counts III, IV, and V Of The Complaint (D.I. 10). For the following reasons, the motion will be denied.

**I.    BACKGROUND**

Plaintiff Label$Dollars, Corp. filed its Complaint on September 25, 2006, seeking either a declaratory judgment that U.S. Patent No. 7,099,038 ("the '038 Patent") is invalid and not infringed, or alternatively, that the '038 Patent is valid and owned by Plaintiff either solely or jointly with Defendant. What follows are those facts alleged in the Complaint that are relevant to the pending motion.

On September 15, 2000, Robert J. Schuller ("Schuller"), the General Manager of Hobart Corporation ("Hobart"), filed a patent application with the United States Patent and Trademark Office ("USPTO"). This application was granted on April 11, 2006, and U.S. Patent No. 7,026,556 ("the '556 Patent"), entitled "Method and System for Controlling Messages Printed by an In Store Label

Printer and Related Label Structure," issued.  The '556 Patent
was assigned by Schuller to Defendant.  The specification of the
'556 Patent describes the invention as "a method for selectively
printing different messages on labels printed by an in-store
scale [that] involves providing an in-store scale including a
label printing mechanism with a supply of labels and a
communications link for receiving information from a site
external to the store." ('556 Patent, Col. 2, ll. 33-38, see D.I.
1, Ex. A).

On May 21, 2002, Lawrence Mortimer ("Mortimer"), founder of
Label$Dollars, filed a provisional application with the USPTO.
This application was for a "method and system for providing pre-
point-of-sale incentive marketing with pre-printed coupons,"
specifically, label coupons that include a product selection
information portion and one or more pre-printed coupons
implementing incentive offers for selected products.  Mortimer
filed a completed application, No. 10/328,928, on November 27,
2003 claiming priority on the provisional application.  He
assigned all rights in this application to Plaintiff.

Plaintiff needed to use weighing scales supplied by Hobart
to test Mortimer's invention.  Following a series of discussions,
and after entering into a non-disclosure agreement in January
2003, Plaintiff disclosed confidential information about

Mortimer's invention to Hobart. Plaintiff then began testing
Mortimer's invention in various grocery stores.

On March 14, 2003, Schuller filed a continuation
application, No. 10/389,474 ("the '474 Application"), claiming
priority on the '556 Patent and adding new claims. The '474
Application is still pending with the USPTO. On October 18,
2004, Schuller filed another continuation application adding new
claims that claimed priority on the '556 Patent. This second
application issued as the '038 Patent, and was assigned to
Defendant. Plaintiff contends that neither of Schuller's
continuation applications are supported by the specification of
the '556 Patent, because each application contains claims that
directly encompass Mortimer's 2002 invention, and that were not
invented in 2000.

Count I of the Complaint contends that, because Schuller is
not the inventor of the invention of the '038 Patent, the '038
Patent is invalid "as a result of Schuller's failure to comply
with one or more provisions of Title 35 of the United States
Code. . . including but not limited to §§ 102, 103, 112 and 132."
(D.I. 1). Counts III, IV and V contend, in the alternative, that
if the '038 Patent is valid, Mortimer should be named a sole or
joint inventor, and a constructive trust should be imposed on
Defendant's profits, revenues and other benefits obtained from
the '038 Patent. Id.

3

## II.  PARTIES' CONTENTIONS

Defendant contends that Claims III, IV and V must be dismissed because Plaintiff's theory of the case effectively forecloses any possibility that Mortimer is the inventor of a valid '038 Patent.  Defendant frames Plaintiff's theory of the case as asserting that the '038 Patent's claims "had no support in the specification."  Defendant notes that 35 U.S.C. § 112(1) requires that, when an "application adds a claim or otherwise amends [the] specification after the original file date [in this case September 15, 2000], . . . the new claims or other added material must find support in the original specification[,]" and contends that Plaintiff has routinely alleged that the claims of the '038 Patent are not so supported.  Thus, Defendant concludes, Plaintiff's theory requires finding the '038 invalid.

Moreover, Defendant contends that under Plaintiff's theory, it is illogical to assert that Mortimer could have invented a valid '038 Patent.  According to Plaintiff's Complaint, the only way the '038 Patent can be valid is if its claims are supported by the specification of the '556 Patent.  However, that specification was originally filed in 2000, while Mortimer's claimed invention dates to 2002.  Thus, Defendant contends, it is impossible for Plaintiff to both assume that the '038 Patent is supported by the 2000 specification, and simultaneously assert that Schuller derived the invention of the '038 Patent from a

meeting that took place with Mortimer more than two years after Schuller disclosed the invention to the PTO.  Thus, Defendant contends, Plaintiff is not pleading in the alternative through Counts III, IV and V, but is instead asking for relief which can not possibly be granted.

In response, Plaintiff contends that it has pled a cause of action upon which relief can be granted, and that it is doing nothing more than pleading inconsistent claims as permitted by Federal Rule of Civil Procedure 8(e)(2).  Plaintiff further contends that the facts need to be developed before the remedies available to it are fully known.  Plaintiff notes that Count I asserts invalidity under multiple sections of Title 35, and contends that if the Court determines validity under these sections, it would not need to decide Counts III-V.  On the other hand, if validity was determined under Section § 102(f), the Court would still need to decide Counts III-V.

## III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a claim for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  The purpose of a motion to dismiss is to test the sufficiency of a claim, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  When considering a motion to dismiss, a court must accept as true all allegations in

the complaint and must draw all reasonable factual inferences in
the light most favorable to the non-moving party.  Neitzke v.
Williams, 490 U.S. 319, 326 (1989); Piecknick v. Pennsylvania, 36
F.3d 1250, 1255 (3d Cir. 1994).  The Court is "not required to
accept legal conclusions either alleged or inferred from the
pleaded facts."  Kost, 1 F.3d at 183.  The burden of
demonstrating that the plaintiff has failed to state a claim upon
which relief may be granted rests on the movant.

**IV.  DISCUSSION**

     After reviewing the parties' briefs concerning this motion,
the Court concludes that each of Counts III, IV and V of the
Complaint allege facts sufficient to state a claim upon which
relief can be granted.  Accepting the facts asserted in
Plaintiff's Complaint as true, the Court concludes that Plaintiff
has pled in the alternative.  In Count I, Plaintiff has alleged
that Schuller did not invent the invention of the '038 patent and
that it is therefore invalid due to Schuller's failure to comply
with various provisions of Title 35, including but not limited to
§ 112.  In Counts III, IV and V, Plaintiff, acknowledging the
possibility that Schuller may not be the '038 patent inventor,
alleges that Schuller may have broadly foreshadowed Mortimer's
invention in 2000 such that the PTO found that the specification
sufficiently supported the claims of the '038 Patent.  The
questions raised by Plaintiff's Complaint, then, ask how strong

the link is between the '556 specification and the claims of the '038 patent, as well as whether the claims of the '038 patent truly relate back to May 2000, or whether they were only foreshadowed in 2000 and truly embellished after Schuller was exposed to Mortimer's invention.  These are factual disputes that cannot be resolved by a 12(b)(6) motion, and accordingly, Defendant's motion will be denied.

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion To Dismiss Counts III, IV, and V Of The Complaint (D.I. 10) is **DENIED**.

July 3l, 2007
DATE

UNITED STATES DISTRICT JUDGE